E-Filed

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-0588-GHK (VBKx) | | Date | January 30, 2009 |
|---|---|---|---|---|
| Title | *Lebrilla v. U.S. Bancorp dba U.S. Bank National Association, et. al.* | | | |

**Presiding: The Honorable**       **GEORGE H. KING, U.S. DISTRICT JUDGE**

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| (none) | (none) |

**Proceedings:       (In Chambers) Order to Show Cause**

On January 16, 2009, Plaintiff Julian Lebrilla ("Plaintiff") filed the above-captioned Complaint in California State Court. On January 26, 2009, Defendants Title Trust Deed Service Company, Litton Loan Servicing, LP, and U.S. Bank National Association (collectively "Defendants") filed a Notice of Removal in this Court. The Notice of Removal alleges that we have federal question jurisdiction over this case.

As a court of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Finley v. United States*, 490 U.S. 545, 547-48 (1989), we must determine the issue of subject matter jurisdiction before reaching the merits of a case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

## I.    Federal Question Jurisdiction

We have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. "In determining the presence or absence of federal jurisdiction, we apply the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (internal quotation omitted). Under the "well-pleaded complaint" rule, a plaintiff is considered the master of his complaint and may ignore a federal claim and assert only a state claim in order to defeat removal. *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1372 (9th Cir. 1987). Therefore, "a defense is not part of a plaintiff's properly pleaded statement of his or her claim" and "the federal issue must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Dynergy, Inc.*, 367 F.3d at 838 (internal quotation omitted).

Plaintiff's Complaint contains a second claim for unfair debt collection practices. One theory of this claim is that Defendants violated California Civil Code.  Other theories are that Defendants violated

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-0588-GHK (VBKx) | Date | January 30, 2009 |
|---|---|---|---|

| Title | *Lebrilla v. U.S. Bancorp dba U.S. Bank National Association, et. al.* |
|---|---|

the Federal Fair Debt Collections Act or the Real Estate Settlement Procedures Act.  Thus, Defendants are correct that a federal question is implicated by some possible theories of the claim.  However, a claim that can be proven through either federal or non-federal law does not "arise under" federal law for jurisdictional purposes because the plaintiff's right to relief does not depend necessarily on a substantial question of federal law.  *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 811 (1988); *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 807 (1986).

For the same reason explained above, Plaintiff's fourth claim for violation of California's Unfair Competition Law may not arise under federal law.

**II.     Order**

The party seeking to establish jurisdiction bears the burden of proving such.  *Kokkonen*, 511 U.S. at 377.  Therefore, Defendants are **ORDERED TO SHOW CAUSE**, in writing, **WITHIN FOURTEEN (14) DAYS**, as to why this matter should not be remanded because this court lacks subject matter jurisdiction.

Defendants' failure to timely and adequately show cause as required herein shall be deemed Defendants' admission that this Court lacks subject matter jurisdiction.  In that event, this action shall be remanded back to state court for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

| | 0 | : | 00 |
|---|---|---|---|
| Initials of Deputy Clerk | | Bea | |